United States District Court
Southern District of Texas
**ENTERED**
December 05, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEWIS MICHEAL RAY, (TDCJ-CID #1829272) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-18-4446 |
| LILLIE BROWN, et al., Defendants. | § § § § | |

## MEMORANDUM ON DISMISSAL

### I. Background

Lewis Micheal Ray, a Texas Department of Criminal Justice inmate, sued in November 2018, alleging civil rights violations resulting from a denial of due process. Ray has neither paid the $350.00 filing fee nor sought leave to proceed as a pauper. From his litigation history, the Court presumes that he seeks leave to proceed in forma pauperis. Ray, proceeding pro se, sues three attorneys: Lillie Brown, Michael Treece, and Gerald Thomas Treece. Ray asserts that the defendants used fraudulent means to take his property. This property includes lyrics and houses.

Ray seeks the return of his property. He further seeks compensatory damages of $3,600,000.00.

The threshold issue is whether Ray's claims should be dismissed as frivolous.

### II. Discussion

A district court must dismiss a prisoner's § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C.

§ 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), the Court may dismiss an in forma pauperis complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

A cause of action under 42 U.S.C. § 1983 requires a showing that Ray has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). Generally, nothing in the language of the Due Process Clause requires the state to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989)). The Due Process Clause confers protection to the general public against unwarranted governmental interference, but it does not confer an entitlement to governmental aid as may be necessary to realize the advantages of liberty guaranteed by the Clause. *Walton v. Alexander*, 44 F.3d 1297, 1302 (5th Cir. 1995)(en banc).

The actions of private actors such as the named defendants do not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Ray has failed to demonstrate that he has been deprived of a right secured by the Constitution or laws of the United

States, and that the deprivation was caused by someone acting under color of state law. Ray's claims against the named defendants are DISMISSED as frivolous.

## III. Conclusion

Ray's constructive Motion to Proceed in Forma Pauperis, (Docket Entry No. 1), is GRANTED. The action filed by Lewis Micheal Ray (TDCJ-CID Inmate #1829272) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). The Court notes that Ray has previously raised similar claims against some or all of the same defendants in Civil Action Numbers 4:16-3292 and 4:17-1337. Both civil actions were dismissed for failure to state a claim. Ray is admonished that future filings of frivolous or malicious complaints may result in the imposition of sanctions, including monetary sanctions and orders precluding him from access to courts without prior judicial authorization.

The TDCJ-CID must deduct twenty percent of each deposit made to Ray's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax:

936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on ____Dec 5____, 2018.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE